IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN COOK and REBECCA WALTERS,

    Plaintiffs,

v.

NATIONWIDE GENERAL INSURANCE COMPANY,

    Defendant.

Case No. 3:24-CV-01686-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

This matter comes before the Court on Plaintiffs' Motion ("Mot.") to Compel Appraisal and to Stay Litigation Pending the Outcome of Appraisal. ECF 8. For the reasons discussed below, Plaintiffs' Motion is GRANTED.

## DISCUSSION

Plaintiffs Steven Cook and Rebecca Walters (the "Insureds") had a home insurance policy (the "Policy") with Defendant Nationwide General Insurance Company ("Nationwide") when a plumbing leak caused water damage to their property. Complaint ("Compl.") ¶ 6, ECF 1-1. The Insureds filed a claim pursuant to the Policy and came to dispute the value of their loss with Nationwide. *Id.* ¶¶ 7-8. The parties were not able to resolve the dispute themselves and the Insureds filed this lawsuit. *Id.* ¶¶ 13-15. Nationwide removed this case to federal court on October

1 - OPINION AND ORDER

3, 2024. and the Insureds filed this motion soon after to compel an appraisal process over the value of the loss and stay this case while appraisal is pending, over Nationwide's objection. Mot. at 2, ECF 8.

The Insureds' Policy contract with Nationwide contained the following provision concerning appraisal:

> If you and we fail to agree on the amount of loss, an appraisal of the loss may take place. **However, both parties must agree to appraisal and to be bound by the results of that appraisal**. In this event, each party will choose a competent appraiser within 20 Days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Compl. at 68, ECF 1-1 (emphasis added). The parties agree that the Policy is a "fire insurance policy" under Oregon law and therefore the policy is subject to Oregon's fire insurance code. *See* Oregon Revised Statutes ("ORS") 742.200–742.242.

Oregon's fire insurance code provides standard provisions that must be part of each policy, but an insurer "may at its option substitute for one or more of such provisions corresponding provisions of different wording approved by the Director of the Department of Consumer and Business Services which are in each instance not less favorable in any respect to the insured or the beneficiary." ORS 742.021(1). If an insurer includes a provision into a policy that is less favorable than the corresponding standard provision, courts are to swap in the more favorable standard provision for the less favorable one when interpreting that policy. *See Raynor v. United of Omaha Life Ins. Co.*, 858 F.3d 1268, 1271 (9th Cir. 2017), *certified question accepted*, 361 Or. 802 (2017) (interpreting ORS 742.021). "The Oregon legislature has instructed courts to liberally construe

2 - OPINION AND ORDER

the Insurance Code, which 'is for the protection of the insurance-buying public,' in favor of insureds." *Id.* (quoting ORS 731.008, 016).

> Oregon's insurance code requires fire policies to contain the following provision:
>
> In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, **on the written demand of either, each shall select a competent and disinterested appraiser** and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting the appraiser and the expenses of appraisal and umpire shall be paid by the parties equally.

ORS 742.232 (emphasis added). The Oregon Supreme Court has interpreted this standard provision to mean that appraisal in fire insurance policies is initially permissive, meaning it is not a mandatory "condition precedent to litigation[.]" *Molodyh v. Truck Ins. Exch.*, 304 Or. 290, 298 (1987). However, the appraisal process becomes mandatory when one party requests it. *Id.* The process is then mandatory for both parties, but only the result of the appraisal is binding on the demanding party in future litigation. *Id.*

Oregon's insurance code affords the Insureds the right to unilaterally demand an appraisal process, without the insurer's consent. ORS 742.232. Because the Policy takes that right away from the Insureds' by requiring consent from Nationwide, it is less favorable than the standard provision and therefore the Court must read in standard provision from ORS 742.232 instead of the appraisal provision in the Policy. Contrary to Nationwide's argument, the Court is not aware of any Oregon court defining "favorable" to strictly mean more coverage for the insured. Response to Mot. ("Resp.") at 2, ECF 10. Oregon courts appear to take a broader reading of "favorable"

3 - OPINION AND ORDER

than the one Nationwide describes. For example, the Oregon Court of Appeals found a policy to be "less favorable to insureds" because it reduced the insurer's procedural hurdles and did not require them to share in the transactional costs of litigation, contrary to the standard provisions. *Mid-Century Ins. Co. v. Turner*, 219 Or. App. 44, 58 (2008).

## CONCLUSION

Plaintiffs' Motion to Compel Appraisal and to Stay Litigation Pending the Outcome of Appraisal, ECF 8, is GRANTED. Accordingly, all current case deadlines will be stayed and the parties are ORDERED to undergo an appraisal process. Within fourteen (14) days of the final appraisal determination, the parties are ORDERED to file a joint status update proposing further case deadlines.

IT IS SO ORDERED.

DATED this __14th__ day of March, 2025.

_____
AMY M. BAGGIO
United States District Judge

4 - OPINION AND ORDER